IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REAL GOOD TECHNOLOGIES, LLC, | ) | Case No. 1:17-cv-00149 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| VICTORY SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Plaintiff Real Good Technologies, LLC, brought this case to enforce a settlement agreement between it and Defendant Victory Solutions, LLC.  ECF Doc. No. 1.  After Victory Solutions failed to participate in the litigation, Real Good Technologies obtained default judgment and an order of garnishment.  ECF Doc. No. 16; May 16, 2017 Court Order.  Shortly thereafter, Real Good Technologies filed a notice to take the deposition of Shannon Burns, president of Victory Solutions.  ECF Doc. No. 22.   However, neither Burns nor any representative of Victory Solutions attended the June 1, 2017, deposition.  ECF Doc. No. 32-1.

Subsequently, Real Good Technologies filed a motion for costs associated with Shannon Burns' failure to appear at the June 1, 2017, deposition and a request for the court to convene a deposition in the presence of the Magistrate Judge.  ECF Doc. No. 32.  Real Good Technologies argues that Burns' testimony is necessary to the garnishment proceedings so that they can understand "the scope and nature of Victory Solutions' assets before he is able to transfer, dissipate, or otherwise diminish Victory Solutions' assets."  Id. at Page ID#301

Real Good Technologies noticed Burns' deposition pursuant to Federal Rules of Civil Procedures 30 and 69(a)(2).[1]  Neither Burns, nor any Victory Solutions representative, responded to the notice of deposition and Burns failed to appear.  EFC Doc. 32-1.  As a result of Burns' failure to appear, Real Good Technologies seeks costs associated with the deposition pursuant to Fed. R. Civ. P. 37(d).  FRCP 37(d)(1)(A)(i) provides that a court may order sanctions if "a party or a party's officer, director, or managing agent…fails, after being served with proper notice, to appear for that person's deposition."  As its president, Burns qualifies as an "officer, director, or managing agent" of Victory Solutions whose deposition may be taken by notice.  *See Libbey Glass, Inc. v. Oneida, Ltd*., 197 F.R.D. 342, 349 (N.D. Ohio 1999) ("The deposition of a corporation may be taken by noticing the deposition of the corporation by a particular officer, director, or managing agent pursuant to Fed. R. Civ. P. 30(b)(1).")  *See also Philadelphia Indem. Ins. Co. v. Fed. Ins. Co., 215 F.R.D*. 492, 493–94 (E.D. Pa. 2003) (finding that the corporations Assistant Vice President and Vice President were "corporate officers that may be deposed without a subpoena."); § 2107 Compelling Attendance of Witnesses, 8A Fed. Prac. & Proc. Civ. § 2107 (3d ed.).  Accordingly, this court may order sanctions for his failure to appear for deposition.

Here, the undersigned determines that sanctions are appropriate and sanctions are **RECOMMENDED**[2] against Victory Solutions for the reasonable costs associated with the June

---

[1] Federal Rule 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time and place of the deposition."  Federal Rule 69(a)(2) states that"[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located."

[2] After a default judgment was entered against Victory Solutions, this matter was referred to the undersigned on June 8, 2017, "to conduct and supervise all garnishment proceedings."  ECF Doc. No. 31.  Although magistrate judges have authority to order discovery sanctions for pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A), since this matter involves post-trial issues it appears to have been referred under

1, 2017, deposition.  Real Good Technologies shall submit an itemized invoice of the costs of that deposition within 10 days of this order.

Next, Real Good Technologies requests that this court order Mr. Burns to appear on behalf of Victory Solutions for deposition in the presence of the Magistrate Judge.  ECF Doc. No. 32.  The court determines this request is necessary to the garnishment proceedings and the request is **GRANTED IN PART**.  Burns is **ORDERED** to appear at a deposition on July 27, 2017, at 10:00 a.m., in Room 11B, United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio.  Although the deposition will take place in chambers, it will be conducted by Real Good Technologies in accordance with its May 25, 2017, notice but will not be directly supervised by this court.  However, should Burns and/or Victory Solutions fail to appear he/it would be ordered to show cause why he/it should not be held in contempt of court.

Dated: July 19, 2017

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See

---

§636(b)(3). 28 U.S.C. §636(b)(3) ("A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.")  Accordingly, the undersigned issues a Report and Recommendation as to the discovery sanctions issue, rather than an order.  *See Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993)(finding that post-dismissal motions for sanctions, fees, and costs were dispositive and that the magistrate judge did not have authority to rule upon such motions).

*U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).