IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REAL GOOD TECHNOLOGIES, LLC, | ) | Case No. 1:17-cv-00149 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| VICTORY SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Plaintiff Real Good Technologies, LLC, brought this case to enforce a settlement agreement between it and Defendant Victory Solutions, LLC. ECF Doc. No. 1. After Victory Solutions initially failed to participate in the litigation, Real Good Technologies obtained default judgment and an order of garnishment. ECF Doc. No. 16; May 16, 2017 Court Order. The default judgment specified Victory Solutions owed Real Good Technologies $215,000, plus interest. ECF Doc. No. 16, Page ID# 157.

Recently Real Good Technologies filed a praecipe for issuance of a Writ of Execution. ECF Doc. No. 98. Real Good Technologies asks the court to command that "the goods and chattels, lands and tenements" belonging to Victory Solutions "cause to be made and levied as well as a certain debt of…$215,000" including interest. ECF Doc. No. 98, Page ID# 520. As

Real Good Technologies has a valid judgment, it is **RECOMMENDED**[1] that the Writ of Execution be issued.

Dated: September 18, 2017

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

---

[1] After a default judgment was entered against Victory Solutions, this matter was referred to the undersigned on June 8, 2017, "to conduct and supervise all garnishment proceedings." ECF Doc. No. 31. Since this matter involves post-trial issues it appears to have been referred under §636(b)(3). 28 U.S.C. §636(b)(3) ("A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.") Accordingly, the undersigned issues a Report and Recommendation, rather than an order. *See United States v. Thompson*, 285 F. App'x 522, 524 (10th Cir. 2008) (finding that a writ of execution was a dispositive matter and that a magistrate judge only had authority to issue a report and recommendation).