# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| REAL GOOD TECHNOLOGIES, LLC, | Case No. 1:17-cv-0149 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| VICTORY SOLUTIONS, LLC, | |
| Defendant | **MEMORANDUM OF OPINION AND ORDER** |

**I.      Introduction**

Currently before the court is the December 26, 2017 motion for reconsideration (ECF Doc. 121) of the Court's December 18th non-document order for special examination filed by garnishee, Murphy, Nasica & Associates, LLC ("MNA"). This matter is before the undersigned pursuant to an order of reference entered by Judge Donald C. Nugent on March 7, 2018. ECF Doc. 128. Because MNA was not properly served with the Court's May 26, 2017 order of garnishment (ECF Doc. 23), the December 18th order permitting a special examination is hereby VACATED. Plaintiff, Real Good Technologies, LLC ("RGT") must properly serve MNA with a notice of garnishment pursuant to O.R.C. § 2716.13(B) before it may proceed with the relevant garnishment.[1]

---

[1] RGT may only proceed with the garnishment if not otherwise precluded by the bankruptcy filing of Victory Solutions.

## II. Brief Statement of Facts

RGT filed this lawsuit to enforce a settlement agreement with Defendant Victory Solutions, LLC ("Victory Solutions"). RGT obtained a default judgment against Victory Solutions on April 19, 2017 (ECF Doc. 16) and took steps to collect on the judgment.

MNA is one of many garnishees named in this lawsuit. The Court issued an order and notice of garnishment to MNA on May 26, 2017. ECF Doc. 23. However, nothing on the docket shows that MNA was properly served with the order of garnishment, and MNA attests that it wasn't. ECF Doc. 121-2 at Ex. B, Page ID# 597-598. In fact, MNA represents that it "had no knowledge whatsoever of this garnishment proceeding until Murphy Nasica received notice of the Plaintiff's Motion for a Special Examination." *Id.*

RGT does not argue that MNA was properly served. Rather, it argues that its failure to comply with the technical requirements of Fed. R. Civ. P. 4 should be excused in this matter because MNA had actual notice of the Court's order. In support of its representation that MNA was aware of the order, RGT submits various correspondence it sent to Attorney Matt Brownfield, one of the attorneys working at MNA, including nearly illegible text messages seeming to show a personal friendship between Mr. Brownfield and Tony Gius, the president of RGT, as well as e-mail correspondence to MNA's local attorney. ECF Doc.122-1 through 3, Page ID# 608-632. None of these documents shows that MNA was properly served with the May 26th order.

## III. Law & Analysis

Fed. R. Civ. P. 69 (a)(1) provides in relevant part:

***Money Judgment. Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution

– and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located…

Here, RGT has moved for a special examination in accordance with applicable sections of Ohio's garnishment statute, specifically Ohio Rev. Code § 2716.21. Regarding service, Ohio Rev. Code § 2716.13(B) provides:

> The copies of the order and of the notice shall be served upon the garnishee in the same manner as a summons is served and the clerk shall also mail a copy of the order and notice of garnishment to the garnishee by ordinary or regular mail service. The copies of the order and of the notice shall not be served later than seven days prior to the date on which the hearing is scheduled.

Under Ohio Rule of Civil Procedure 4.3(B) out of state service of process may be served in the same manner as provided by Civ. R. 4.1(A)(1) through Civ. R. 4.1(A)(3). Civil Rule 4.1(A)(1) provides that service may be by United States certified or express mail or by commercial carrier service and, for either method, the carrier is required to return a signed receipt showing to whom the copy was delivered, the date delivered, and the address where delivered. No such return receipt appears on the docket evidencing that MNA was served in accordance with Ohio R. Civ. P. 4.1-4.3.

Ohio courts have determined that proceedings related to garnishments are void when the garnishee was given defective notice or not served in accordance with Civil Rule 4.3. *See Broadmoor Ctr., LLC v. Dallin,* 2016-Ohio-8541, 79 N.E.3d 1250, 2016 Ohio App. LEXIS 5370 (10th Dist., 2016); *Haley v. Nomad Press, Inc.,* 2013-Ohio-86, 2013 Ohio App. LEXIS 48 (9th Dist. 2013).

RGT argues that it should not be held to the technical requirements of O.R.C.P. 4 because MNA had actual notice of the garnishment proceedings and the court's order. However, it is questionable whether MNA was actually aware of the Court's order. Both parties have submitted correspondence from Tony Gius (RGT's president) and Matt Brownfield (an attorney

3

at MNA). However, Mr. Brownfield appears to be a friend or acquaintance of Mr. Gius; some of the correspondence predates the Court's May 26th order; and Craig Murphy, Registered Agent of MNA, has declared that he had no knowledge of the garnishment proceeding until MNA received notice of the plaintiff's motion for special examination. ECF Doc. 121-2, at Ex. B, ¶ 5, Page ID# 597.

RGT also contends that MNA forfeited the defense of insufficient service. RGT relies on cases involving parties to lawsuits that entered into settlement discussions but later argued that they had not been properly served. These cases are inapposite.[2] MNA is not one of the primary parties to this lawsuit and was not required to assert insufficient service in a pleading responding to the garnishment order. Moreover, it appears likely that MNA has or had a business relationship with the defendant, Victory Solutions. The correspondence submitted by RGT seems to show that MNA was attempting to balance potential duties owed to Victory Solutions with the fact that RGT was trying to collect a judgment against Victory Solutions. ECF Docs. 122-4, Page ID# 619, 122-6, Page ID# 623. In light of these competing interests, MNA can hardly be faulted for questioning whether it had been properly served before acting on the Court's order, particularly when the court's docket does not show that service was perfected on MNA.

Fed. R. Civ. P. 60 permits the court to relieve a party or its legal representative from an order for any reason that justifies relief. Here, the Court's May 26th garnishment order was not properly served on MNA. RGT requested to conduct a special examination of MNA pursuant to Ohio's garnishment statute, O.R.C. § 2716.21, because MNA had failed to comply with the

---

[2] *King v. Taylor,* 694 F.3d 650, 660 (6th Cir. 2012) involved service of the primary defendant; *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 690-692 (D.C. Cir. 1970) involved correspondence between the primary parties to the lawsuit and their attorneys.

Court's order. However, I conclude that *RGT* did not comply with O.R.C. § 2716.13 when it failed to ensure that the garnishment order was properly served on MNA. As indicated above, Ohio courts applying Ohio's garnishment statute have held that improperly served garnishment orders should be quashed. *See Haley,* 2013 Ohio App. LEXIS at *7-8. Now that MNA has notified the court that it was not properly served with the garnishment order, the court will vacate the December 18th order granting a special examination.

**IV.     Conclusion**

The motion for reconsideration of the Court's December 18th order is GRANTED. The court VACATES the December 18th order permitting a special examination. Plaintiff must properly serve the garnishment order pursuant to O.R.C. § 2716.13(B) to the extent it may still do so within the restrictions of Victory Solutions, LLC's bankruptcy case.

Dated: April 4, 2018

Thomas M. Parker
United States Magistrate Judge