IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| REAL GOOD TECHNOLOGIES, LLC, ) | Case No. 1:17-cv-00149 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| VICTORY SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | **REPORT & RECOMMENDATION** |
| ) | |

This matter was referred to the undersigned for post judgment matters on August 9, 2019. ECF Doc. 151. At the time of the referral, Plaintiff Real Good Technologies' ("RGT") motion seeking an order compelling defendant, Victory Solutions, LLC, ("VS") to return certain property that has re-vested under 11 U.S.C. § 349(b)(3) was pending. ECF Doc. 147.

On July 18, 2019, VS filed a response to RGT's motion. ECF Doc. 149. VS did not dispute the effect of the bankruptcy dismissal and applicable law as argued in RGT's motion. ECF Doc. 149 at 1. However, VS argued that the relevant property was subject first to an IRS lien and, for that reason, requested that the court deny RGT's motion. On July 31, 2019, RGT filed a reply in support of its motion. ECF Doc. 150. RGT asserted that only the property located in Cuyahoga county was subject to the IRS lien. RGT requested an order requiring VS to account for the relevant property and its location at the time the bankruptcy case was dismissed.

On August 12, 2019, the undersigned ordered Victory Solutions, LLC (**"**VS") to file an accounting showing the location of the revested property at the time its bankruptcy case was dismissed. ECF Doc. 152. VS was required to file the accounting on or before August 19, 2019.

On September 3, 2019, Real Good Technologies, LLC ("RGT") filed a motion for a show cause order because VS had not complied with the court's August 12 order. ECF Doc. 153. The undersigned then certified the issue to the Court and scheduled a show cause hearing for October 1, 2019. ECF Doc. 154. On September 30, 2019, VS filed a document showing the location of the relevant equipment that RGT seeks to recoup. ECF Doc. 155. The court then cancelled the show cause hearing. ECF. Doc. 156.

On October 18, 2019, VS filed an objection to garnishments filed by Real Good Technologies. ECF Doc. 178. Once again, VS argued that RGT should not be permitted to collect on its judgment because "IRS liens are attached to every asset of a Tax Debtor." It appears that nothing was collected on these garnishments and VS's objection should be overruled as moot.

On October 23, 2019, after reviewing VS's filing showing the location of the equipment (ECF Doc. 155), RGT filed a notice concerning pending motions. ECF Doc. 180. RGT's notice withdrew its motion to show cause but affirmed its motion for revestment (ECF Doc. 146), arguing it was ripe for ruling. RGT acknowledged that the Internal Revenue Service ("IRS") may have a superior lien on the property it seeks to recoup from VS and served the IRS with a copy of its notice. Over two weeks have passed and the IRS has not sought to intervene in this case.

On October 28, 2019, VS filed a reply to RGT's notice concerning motions. ECF Doc. 182. VS argues that RGT should not be permitted to collect on its judgment by taking

possession of the revested property because of the IRS tax lien. VS does not cite any authority in support of this argument,[1] but argues that RGT has failed to address this argument. Neither party has provided the court with enough facts about the IRS's lien(s) or the applicable law to permit the court to determine the priority of the parties' interests in the property that RGT seeks to recoup. However, this much is clear: VS should not be permitted to use the IRS's lien against its property as a shield against other creditors. *See In re Vu-Rose,* No. 2:16-cv-09359-CAS, 2016 U.S. Dist. LEXIS 180007, (C.D. Cal. Dec. 28, 2016); citing *In re Bolden,* 327 B.R. 657, 667-68 (Bankr. C.D. Cal. 2005). RGT is aware of the IRS's lien and may ultimately be asked to answer to the IRS for property it collects from VS in this case. RGT has taken steps to notify the IRS of its collection attempts. ECF Doc. 180. VS should not be permitted to avoid RGT's collection attempts because another creditor holds a superior lien.

Because the IRS has not attempted to intervene in this case, despite being notified of RGT's collection attempts; because VS has not provided sufficient information to this court showing that RGT is not permitted to collect on its property due to an IRS lien; and because VS states no other defense to RGT's motion to revest, I recommend that the Court GRANT RGT's motion seeking an order compelling VS to return certain property that has been revested under 11 U.S.C. § 349(b)(3). I further recommend that the Court require RGT to submit a proposed order identifying the specific property VS must return following RGT's review of the notice of the equipment's location (ECF Doc. 155) and RGT's confirmatory discovery. (See ECF Doc. 180 at 2.)

---

[1] VS did cite authority in its initial response to RGT's motion seeking an order for return of property. ECF Doc. 149. However, the cases cited by VS were non-controlling and, very possibly, inapplicable to this case. In both of the out-of-state decisions cited by VS, the government had entered into the cases and argued that its liens took a priority over other creditors' interests. Here, the government has not entered into the case or attempted to execute upon its lien (to the Court's knowledge).

Dated: November 7, 2019

Thomas M. Parker
United States Magistrate Judge

**OBJECTIONS**

    Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

4