# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| REAL GOOD TECHNOLOGIES, LLC, | ) | CASE NO. 1:17-CV-00149 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE THOMAS M. |
| | ) | PARKER |
| | ) | |
| VICTORY SOLUTIONS, LLC, | ) | ORDER ADOPTING |
| | ) | REPORT AND RECOMMENDATION |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker. (ECF #214). On November 18, 2019, Defendant Victory Solutions, LLC ("Victory Solutions" or "Defendant") filed its Objections to the Magistrate's Report (ECF #218). On November 21, 2019, Plaintiff Real Good Technologies ("RGT" or "Plaintiff") filed its Reply in Support of the Report (ECF #219) and on December 11, 2019, Victory Solutions filed a Response to RGT's Reply in Support. (ECF #221).

### FACTUAL AND PROCEDURAL HISTORY

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

On July 18, 2019, Defendant Victory Solutions filed a Response (ECF #149) to Plaintiff Real Good Technologies' Motion Seeking an Order Compelling Defendant to Return Certain Property That Has Been Revested Under 11 U.S.C. 349(b)(3) (ECF #146). Victory Solutions did not dispute the effect of the bankruptcy dismissal and applicable law as argued in Plaintiff's Motion. (ECF #149). Defendant argued that the relevant property was subject first to an IRS lien and, for that reason, requested that the Court deny RGT's Motion. On July 31, 2019, Plaintiff filed

1

a Reply in Support of its Motion. (ECF #150). Plaintiff asserted that only the property located in Cuyahoga County was subject to the IRS lien and requested an Order requiring Defendant to account for the relevant property and its location at the time the bankruptcy case was dismissed.

On August 12, 2019, the Magistrate Judge ordered Defendant to file an accounting showing the location of the revested property at the time its bankruptcy case was dismissed. (ECF #152). Victory Solutions was required to file the accounting on or before August 19, 2019. On September 3, 2019, Plaintiff filed a Motion for a Show Cause Order because Victory Solutions had not complied with the Court's August 12, 2019 Order. (ECF #153). The Court then certified the issue to the Court and scheduled a show cause hearing for October 1, 2019. (ECF #154). On September 30, 2019, Victory Solutions filed a document (ECF #155) showing the location of the relevant equipment that RGT seeks to recoup and the Court subsequently cancelled the show cause hearing. (ECF #156).

On October 18, 2019, Victory Solutions filed an objection to garnishments filed by RGT. (ECF #178). Once again, Victory Solutions argued that RGT should not be permitted to collect on its judgment because "IRS liens are attached to every asset of a Tax Debtor." On October 23, 2019, after reviewing Victory Solutions' filing showing the location of the equipment (ECF #155), RGT filed a notice concerning pending motions. (ECF #180). RGT's notice withdrew its Motion to Show Cause, but affirmed its Motion for Revestment (ECF #146), arguing it was ripe for ruling. RGT acknowledged that the Internal Revenue Service ("IRS") may have a superior lien on the property it seeks to recoup from Victory Solutions and served the IRS with a copy of its notice.

On October 28, 2019, Victory Solutions filed a Reply to RGT's notice concerning motions, arguing that RGT should not be permitted to collect on its judgment by taking possession of the revested property because of the IRS tax lien. (ECF #182). On November 7, 2019, Magistrate

Judge Thomas M. Parker filed his Report and Recommendation, recommending that the Court grant RGT's Motion Seeking an Order Compelling Victory Solutions to return the revested property. (ECF #214). Victory Solutions timely filed its Objections to the Report and Recommendation of the Magistrate Judge on November 18, 2019. (ECF #218). On November 22, 2019, the IRS filed a new lien in an amount of over $45,000.

**STANDARD OF REVIEW FOR MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. Fed. R. Civ. P. 72(b)(3) provides this standard of review. It states, in pertinent part, the following:

> The district judge must determine de novo any part of the magistrate's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to which no objections have properly been made.

**DISCUSSION**

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objections have been made. *See* FED. R. CIV. P. 72(b). The Court finds that Defendant's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate Judge's Report and Recommendation.

Victory Solutions argues that the Magistrate Judge improperly analyzed the effect of a Federal Tax Lien. Here, Victory Solutions contends that a Federal Tax Lien attaches to all interests

of the tax payer in all property, real and personal, and the lien continues in place until the tax is paid. Defendant argues that the Federal Tax Lien overrides competing tax liens unless those liens were perfected prior to the Federal Tax Lien. (ECF #218). Finally, Victory Solutions contends that those cases relied upon by the Magistrate Judge are inapposite to the present matter.

Magistrate Judge Thomas M. Parker found that neither party to this matter has provided the Court with enough facts regarding the IRS's liens or the applicable law to permit the Court to determine the priority of the parties' interests in the property RGT seeks to recoup. Thus, this Court agrees with the Magistrate Judge's recommendation that Victory Solutions should not be permitted to use the IRS's liens against its property as a shield against other creditors.

#### Conclusion

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth. The Report and Recommendation of Magistrate Judge Thomas M. Parker (ECF #214) is ADOPTED. The Court GRANTS RGT's Motion for Revestment (ECF #146) and orders that the property listed in Victory Solutions' Notice of Filing of Location of Equipment (ECF #155) that is not located in Cuyahoga County, Ohio be turned over to Real Good Technologies.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: November 18, 2019