AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | | |
|---|---|---|
| Real Good Technologies, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-00149-DCN |
| Victory Solutions, LLC | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: JONRON LLC d/b/a WAB Strategic, Corporate Designee Under Rule 30(b)(6), Attn: Registered Agent, Ron DeGrandis, 5 Astor Place, Rocky River, Ohio 44116

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit A attached hereto for a list of Topics Upon Which Examination is Requested.

| Place: Peiffer Wolf Carr Kane & Conway, LLP, 1433 Euclid Avenue, Suite 1610, Cleveland, Ohio 44115 | Date and Time: 03/05/2021 1:00 pm |
|---|---|

The deposition will be recorded by this method:

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto for a list of Requests for Production.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/29/2021

| *CLERK OF COURT* | OR | /s/ Michael L. Murphy |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Real Good Technologies, LLC , who issues or requests this subpoena, are:

Michael L. Murphy, Bailey & Glasser LLP, 1055 Thomas Jefferson St. NW, Suite 540, Washington, DC 20007

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:17-cv-00149-DCN

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Real Good Technologies, LLC,**<br><br>     Plaintiff & Judgment<br>     Creditor,<br><br>v.<br><br>**Victory Solutions, LLC,**<br><br>     Defendant & Judgment<br>     Debtor. | Action No. 1:17-cv-00149-DCN |

**EXHIBIT A TO PLAINTIFF REAL GOOD TECHNOLOGIES, LLC'S NOTICE OF DEPOSITION OF CORPORATE REPRESENTATIVE OF JONRON, LLC**

**To:**   JONRON LLC d/b/a WAB Strategic
          5 Astor Place
          Rocky River, Ohio 44116

          <u>Registered Agent:</u>
          Ron DeGrandis
          5 Astor Place
          Rocky River, Ohio 44116

    Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Real Good Technologies, LLC, by and through its counsel of record, hereby notices the stenographic, and/or remote video or telephonic deposition of a Corporate Representative of Victory Solutions, LLC will be taken before a qualified Notary Public at Peiffer Wolf Carr Kane & Conway, LLP, 1433 Euclid Avenue, Suite 1610, Cleveland, Ohio 44115, at **1:00 p.m. (EDT)** on **Friday**, March **5, 2021**, or at another mutually-agreeable time and location (including by remote means), and thereafter by adjournment until the same shall be completed.

    You are invited to attend and cross examine the designated witness or witnesses.

# INSTRUCTIONS

The following instruction and definitions apply to this Notice of Deposition and are deemed to be incorporated into each Topic listed below:

1. JONRON LLC ("JONRON") is required to designate and fully prepare one or more officers, directors, managing agents, or other persons who consent to testify on behalf of JONRON, and whom JONRON will fully prepare to testify regarding the designated Topics and as to all such information that is known or reasonably available to JONRON's organization.

2. If JONRON designates more than one witness then it shall be necessary to identify which topic or topics each designated witness has been fully prepared to testify on behalf of JONRON.

3. If JONRON claims that any information, document, or thing sought or requested is privileged, protected by the work product doctrine, or otherwise not discoverable, please describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege or protection, including the legal and factual basis for withholding the requested discovery.

4. This Request is deemed continuing to and through the trial of this case. Should JONRON in the future discover any items relating to any of the above matters of this Request, JONRON is required to notify Plaintiff's counsel of said information by way of Supplemental Answers to this Request, or an objection will be made at trial for the use of information not revealed.

5. Real Good Technologies ("Real Good") reserves the right to conduct the deposition remotely under Rule 34 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30. To the extent, Defendant objects to this deposition being conducted by remote means Plaintiff will seek a Court Order permitting it to proceed in such a manner. *Id.*

6. The headings below are mere catchwords and shall not be deemed to modify or be declared part of any of the definitions or the topics contained herein.

7. Unless otherwise specified, the relevant time period for the Topics below is September 1, 2020 to Present.

# DEFINITIONS

1. "**JONRON**," "**You**," and "**Your**" means JONRON, LLC, an Ohio Domestic Limited Liability Company, together with its officers, directors, agents, commissioners, employees, or representatives, and all persons acting or purporting to act on their behalf, including independent contractors or consultants. JONRON

2

includes, but is not limited to, the fictitious name WEB Strategic, which is registered with the Ohio Secretary of State.

2. "**Action**" means above-captioned case, Civil Action No. 1:17-cv-00149-DCN, pending in the United States District Court for the Northern District of Ohio, Cleveland Division.

3. "**Communication**" shall mean any written or verbal contact between two or more Persons, including, but not limited to: letters, memoranda, telegrams, emails, text messages, instant messages, or any other Documents, and face-to-face meetings, telephone conversations, conference calls, video conferences, or online meetings.

4. "**Date**" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

5. "**Describe**" shall mean to set forth fully and clearly every fact or event of which You have knowledge relevant to the response called for by the request.

6. "**Document**" means anything which may be considered to be a document or tangible thing within the meaning of the applicable rules of court and means and includes, without limitation, any written, printed, typewritten, handwritten, videotaped, recorded or other graphic matter or computer-generated or stored information, whether produced in "hard" copy or other tangible medium or presently stored within the memory of a computer or other data storage device, such as tapes, hard or floppy disc drives, now or at any time in Your possession, custody or control; and, includes generally and without limiting the generality of the foregoing definitions, any correspondence, letters, E-mail, telegrams, telexes, cables, transcripts, agreements, contracts, notes, memoranda, jottings, projections, reports, opinions, work papers, diaries, daybooks, notebooks, calendars, address and telephone records, expense records and vouchers, time records, personnel records, minutes, summaries of any communications, reports or summaries of investigations, books of account, journals, ledgers, journal entries, accounting books and records, spread sheets, micro-fiche cards, microfilms, photographs, films, appraisals, surveys, financial statements, financial forecasts, computer programs, computer printouts, manuals, guides, books, magazines, newspapers, publications, and all preliminary versions and drafts, revisions of, or notations on any of the foregoing, including all non-identical copies and drafts of the foregoing, and all summaries, analyses or reports relating or referring in whole or in part to any of the foregoing.

7. "**Explain**" shall mean to state with specificity each and every fact, circumstance, incident, act, omission, detail, and event that Relates to the reference, contention, or response.

8. "**External**" or "**Externally**" means between and among You and others not affiliated with You as employees or agents.

3

9. "**Identify**" or "**Identity**" shall mean:

    a. When used in reference to a Document mean to state: the type of Document (*e.g.*, letter, memorandum, telegram, etc.); the title of the Document, if any; the date appearing thereon and the date of the Document's preparation, if known; the Identity of the Person who wrote the Document; the Identity of all Persons to whom the Document was addressed or distributed; a brief summary of its substance; a further general description of the Document if such is necessary to enable it to be distinguished from other like Documents; and the physical location of the Document and the Identity of the custodian. If any such Document was, but no longer is, in Your possession, custody, or control, state what disposition was made of it.

    b. When used in reference to an incident or action mean to provide a detailed description of the event or occurrence, including appropriate references to dates, times, Persons, and Documents.

    c. When used in reference to a natural Person mean to state the individual's full name, his or her present business and home addresses (or, if unknown, the last known business and home addresses), his or her telephone number, and his or her positions, business affiliations, and addresses at all times relevant to the interrogatory in question.

    d. When used in reference to a Person other than a natural Person mean to state its full name; the address of its principal place of business; the nature of the entity, if known (*e.g.*, type of government agency); and the principal Persons involved with the entity at all times relevant to the interrogatory or Document request in question.

10. "**Internal**" or "**Internally**" means between and among You and Your employees and agents.

11. "**Person**" includes natural persons, corporations, partnerships, ventures, and all other forms of organization or association.

12. "**Real Good**" or "**Plaintiff**" means Real Good Technologies, LLC.

13. "**Representative**" includes, but is not limited to, all agents, employees, investigators, and any others who directly or indirectly represent, in any manner, the defendants.

4

14. "**Reseller**" means a third-party vendor that utilizes Victory Solutions's equipment.

15. "**Victory Solutions**" means Victory Solutions, LLC, an Ohio corporation, together with its officers, directors, agents, commissioners, employees, or representatives, and all persons acting or purporting to act on their behalf, including independent contractors or consultants.

16. "**WAB**" means WAB Strategic, which is the fictitious name of JONRON LLC.

17. The terms "**relate to**," "**related to**," "**relates to,**" or "relating to" mean constituting, embodying, consisting of, referring to, reflecting on, evidencing, arising out of, or in any way or manner legally, factually, or logically connected with the matter discussed. The use of the singular form includes the plural, and the plural includes the singular.

18. The connectives "**and**" and "**or**" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19. The words "**all**," "**each**," "**any**," and "**every**" shall be construed interchangeably so as to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

20. The use of the singular form includes the plural, and the plural includes the singular.

21. All other terms and definitions are to be interpreted in their common, ordinary sense.

## TOPICS UPON WHICH EXAMINATION IS REQUESTED

**JONRON's Operations**

1. JONRON's corporate form.

2. JONRON's corporate structure.

3. The identity of all of JONRON's corporate officers.

4. The identify of all of JONRON's directors.

5. The identity of all of JONRON's shareholders.

6. The identify of all of JONRON's employees.

5

7. The identify of any independent contractor utilized by JONRON.

8. JONRON's relationship with Shannon Burns.

**Services & Property**

9. The types of services that WAB Strategic, an American Consultancy, provides.

10. The nature of services that WAB Strategic, an American Consultancy, provides.

11. The identity of WAB Strategic's customers.

12. The identify of WAB Strategic's resellers.

13. The identify of WAB Strategic's vendors and service providers.

14. Whether WAB Strategic is in possession of any of the property listed in Notice of Filing of Location of Equipment (Sept. 30, 2019) (ECF 155).

15. The source of any office equipment, office furniture, IT equipment, computers, computer servers, and office supplies in the possession of WEB Strategic at the time of its formation.

16. The source of any office equipment, office furniture, computers, computer servers, office supplies currently in the possession of WEB Strategic.

**Bank Accounts & Tax Filings**

17. Any accounts where funds for goods or services provided by WAB Strategic are deposited, whether the account in in the name of JONRON LLC, WAB Strategic, Dennis Speaker, Shannon Burns, or any other employees, agents, or relatives thereof, including the name and branch of the bank, credit union, or other

financial institution, the name or names listed on the account, the account number(s), and routing number(s).

18. All bank statements dating from September 1, 2020 to the present for which you have any intertest not otherwise identified in Request for Production No. 16 above.

19. All bank statements dating from September 1, 2020 to the present for any accounts in which You held any interest whatsoever.

20. All bank statements dating from September 1, 2020 to the present for any accounts in which You have been an authorized signatory.

21. All tax filings You have prepared for the 2020 tax year.

## REQUESTS FOR PRODUCTION

1. 1) all corporate organizational charts;

1. Any and all tax returns dating from September 1, 2020 to the present that bear Your signature and/or EIN.

2. All bank statements dating from September 1, 2020 to the present for any accounts in which you held any interest whatsoever (either directly or as a beneficiary) and/or on which you have been an authorized signatory.

3. All position statements dating from September 1, 2020 to the present for any accounts holding securities in which you held any interest whatsoever (either directly or as a beneficiary) and/or on which you have been an authorized signatory.

4. Any and all deeds and/or other instruments transferring title to real estate that bear your name, or the name of any entity in which you have an ownership (including beneficial ownership) interest, dating from September 1, 2020 to the present.

5. Any and all stock certificates, bonds, or other securities (either marketable or otherwise) bearing your name, or the name of any entity in which you have an ownership (including beneficial ownership) interest, dating from September 1, 2020 to the present.

6. Any and all certificates of deposit bearing your name, or the name of any entity in which you have an ownership (including beneficial ownership) interest, dating from September 1, 2020 to the present.

7. Any and all certificates of automobile title bearing your name, or the name of any entity in which you have an ownership (including beneficial ownership) interest, dating from September 1, 2020 to the present.

8. Any and all financial statements and/or loan applications prepared by you and/or on your behalf from September 1, 2020 to the present.

9. Any and all documents relating to loans or gifts made by you from September 1, 2020 to the present.

10. Any and all Communications You have had with Shannon Burns concerning the property, goods, services, custmers, and resellers of Victory Solutions.

8

11. Any and all Communications You have had with Shannon Burns concerning the Action.

12. Any and all invoices or receipts demonstrating the Your purchases and acquisition of office equipment, office furniture, IT equipment, computers, computer servers, and office supplies.

13. Any and agreements You have entered into related to POS services, web hosting, or internet commerce.

Date: January 29, 2021　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　/s/ *Michael L. Murphy*

　　　　　　　　　　　　　　　　　　　Michael L. Murphy (DC 480163)
　　　　　　　　　　　　　　　　　　　BAILEY & GLASSER, LLP
　　　　　　　　　　　　　　　　　　　1055 Thomas Jefferson St. NW, Suite 540
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20007
　　　　　　　　　　　　　　　　　　　Phone: 202.463.2101
　　　　　　　　　　　　　　　　　　　Facsimile: 202.463.2103
　　　　　　　　　　　　　　　　　　　E-mail: mmurphy@baileyglasser.com
　　　　　　　　　　　　　　　　　　　(admitted *pro hac vice*)

　　　　　　　　　　　　　　　　　　　James P. Booker, Esq.
　　　　　　　　　　　　　　　　　　　PEIFFER, WOLF, CARR, & KANE, A
　　　　　　　　　　　　　　　　　　　Professional Law Corporation
　　　　　　　　　　　　　　　　　　　1422 Euclid Avenue
　　　　　　　　　　　　　　　　　　　Suite 1610
　　　　　　　　　　　　　　　　　　　Cleveland, OH 44115
　　　　　　　　　　　　　　　　　　　Telephone: 216.589.9280
　　　　　　　　　　　　　　　　　　　Facsimile: 216.916.9220
　　　　　　　　　　　　　　　　　　　E-mail: jbooker@peifferwolf.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Real Good Technologies, LLC*

9