IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REAL GOOD TECHNOLOGIES, LLC | ) | ACTION NO. 1:17-cv-00149-DCN |
| | ) | |
| Plaintiff & Judgment Creditor | ) | Judge Donald C Nugent |
| | ) | |
| -vs- | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| VICTORY SOLUTIONS, LLC | ) | **OBJECTIONS TO NOTICE OF DEPOSITION** |
| | ) | **AND MOTION TO QUASH SUBPOENA** |
| Defendant & Judgment Debtor | ) | **[242]** |

    Now comes the subpoenaed party, JonRon, and objects to many of the requests set forth in Real Good Technologies' Subpoena dated January 29, 2021.  As an initial matter, JonRon objects to the requests of Real Good Technologies in a general manner as follows:

    Pursuant to Ohio Civil Rules 26, 33 and 34, subpoenaed party, JonRon ("Subpoenaed party"), by and through counsel and subject to the General Objections set forth below, hereby objects to the subpoena issued by Plaintiff, Real Good Technologies, LLC ("Plaintiff") and to its Request for documents as follows:

    1. Subpoenaed party, JonRon, objects to Plaintiff's discovery requests to the extent that that attempt to impose upon Subpoenaed party obligations different from, or in excess of, those imposed by the Federal Rules of Civil Procedure or this Court.  Subpoenaed party, JonRon, declines to undertake any duties not imposed by the Civil Rules in the absence of agreement by the parties.

    2. Subpoenaed party, JonRon, objects to Plaintiff's discovery requests to the extent that they seek information that is subject to the attorney-client privilege, work product doctrine, trade secret protection, or that is otherwise privileged, confidential, or immune from discovery.

    3. Subpoenaed party, JonRon, objects to Plaintiff's discovery requests to the extent that they seek information not in subpoenaed party, JonRon's possession, custody or control.

    4. Subpoenaed party, JonRon, reserves the right to supplement its Answers and Objections to Plaintiff's discovery requests as further information becomes available and as discovery continues.

In addition, JonRon object to topics 1, 2, 3, 4, 5, 6, 7, 8, 9,10,11, 12, 13,15, 16, 17, 18, 19, 20, 21, as well as Requests for Production numbers 1, second #1, 2, 3, 4, 5, 6, 7, 8, 9, 12 and 13 of the Notice and Subpoena referred to herein above.

## Memorandum in Support of Objections

JonRon party believes it is significant to note that JonRon is not a party to this case, has never been a party to this case and in fact, neither is Shannon Burns. The subjects of testimony are irrelevant, overly broad, and overly burdensome to respond to.

It is axiomatic that a Judgment Creditor may seek information from Third Parties, which may lead to the discovery of relevant assets which may lead to a Satisfaction of Judgment Creditor's Judgment. However, there are limits. The Court's attention is respectfully directed to the case of *Nova Group, Inc vs Universitas Education, LLC*, Nos 11 Civ. 1590 (LTS)(HBP), 11 Civ, 8726 (S.D. New York, 2013). That Court set forth applicable law regarding discovery requests issued to non-parties:

> "Generally, non-parties may only be examined about the assets of a judgment debtor" and, accordingly, "the general rule is that non-party discovery is limited to a search for the defendant's hidden assets." *Costomar Shipping Co., Ltd vs Kim-Sail, Ltd*, 95 Civ. 3349 (KTD), 1995 WL 736907 at *3 (S.D.N.Y. Dec 12, 1995) (Francis, M J); see also *Jacobson vs Moller & Moller, Inc.*, No CV 2002-6316 (ERK)(MDG) 2007 WL 1989260 at *1 (E.D.N.Y. July 5, 2007) (pursuant to Rule 69, "discovery is permitted against a non-party to discover facts relating to the assets of the judgment debtor").

See GMA Accessories, Inc vs Elec. Wonderland, Inc, 07 Civ. 3219 (PKC)(DF), 2012 WL 1933558 at *5 (S.D.N.Y. May 22, 2012) (Freeman, MJ):

> "Inquiry into the assets of a non-party is only permitted where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt as to the bona fides of the transfers between them."

There is no question that Judgment Creditor is entitled to information regarding any transfers between JonRon and Victory Solutions and in fact does not object to Request no. 12. It is less clear that Judgment Creditor is entitled to information regarding transactions with Shannon Burns. While Shannon Burns was at all times material President of Victory Solutions,

nevertheless, Shannon Burns is a Third Party to this case. Real Good Technologies' inquiry as to JonRon's relationship with Shannon Burns needs to be narrowly tailored.

Real Good Technologies has not set forth any reason that it should be entitled to information regarding JonRon's corporate form, corporate structure, corporate officers, directors, shareholders, employees and independent contractors. If Real Good Technologies wishes to request information on whether or not Victory Solutions is an officer, director, etc, or even independent contractor of JonRon, that is likely relevant. The same can be said for WAB Strategic.

It is unreasonable and irrelevant to require JonRon to produce tax returns, bank statements, banking information, etc. Again, JonRon is a Third Party. JonRon again refers the Court to the discussion in *Universitas*. JonRon suggests that Real Good Technologies may obtain all information there is regarding the relationship between JonRon and Victory Solutions, but no more.

The same can be said for the Request for Production. Unless Real Good Technologies asks for the Production of Documents relating to its relationship with Victory Solutions, the request is inappropriate.

<u>Motion to Quash Subpoena</u>

JonRon moves this Court to quash the subpoena direct to it on grounds of relevance and undue burden. Although not specifically listed in Rule 45, Courts have incorporated relevance as a reason for quashing a subpoena, *Moon vs SCP Pool Corporation*, 232 F.R.D. 633 (2005). Pursuant to *Moon*, and other cases cited therein, a Court ought to consider:

> "Such factors as relevance, the need of the party for documents, the breadth of the document request, the time period covered by it, and the particularity with which the documents are described and the burden imposed."

In reviewing the subpoena, it is important to keep on mind the reason that Real Good Technologies may engage from discovery to Third Parties, that is, the search for assets of Victory Solutions. *Universitas supra* citing cases. JonRon's Corporate Form Structures, Officers, Directors, Shareholders and Employees have nothing to do with the assets of Victory Solutions. Additionally, the request for information regarding <u>any</u> independent contractors that JonRon might use is overbroad on its face. Frankly, these requests constitute an invasion of JonRon's privacy.

The identity of JonRon's customers, resellers and strategic partners, unless the question is whether Victory Solutions is one of those, is irrelevant. Real Good has made no case for Tax

Returns, Bank Statements, position statements and the like. Especially because JonRon is a Third Party, discovery is limited. It is hard to see why Deeds, Stock Certificates, Certificates of Deposits, Motor Vehicles, Financial Statements, Loans or gifts have any relevance to the case. Certainly, Real Good can ask if any of JonRon's investments are in stock of Victory Solutions, whether JonRon purchased any vehicles from Victory Solutions, etc, but the breadth of the discovery is unsustainable, the requests for information is overbroad and will cost JonRon productivity and time.

As stated above, JonRon has no difficulty disclosing any facts that Real Good Technologies may inquire about its relationship to Victory Solutions. Although Shannon Burns is President of Victory Solutions, that mere fact does not permit extensive discovery.

JonRon further states that it is well settled that a party seeking information regarding information held by a Third Party must first seek that information from the party to the case. See *Moon supra*, citing *Dart Industries Company Inc vs Westwood Chemical Company*, 649 F 2d 646 (9th Circuit, 1980) and *Haworth Inc vs Herman Miller Inc*, 998 F 2d 575 (1993). The Court's further attention is directed to the case of *Cleveland Clinic Health System-East Region et al vs Innovative Placements, Inc et al*, Case No. 1:11CV2074, United States District Court, Northern District of Ohio, which cited *Haworth* and involved similarly overbroad requests to a Third Party. There, as here, the party issuing the subpoena ought to seek the information from the party to the case first. In that case, questions which did not center on conversations or exchanges of information with a party were found to be overbroad.

WHEREFORE, JonRon prays that its objections be sustained and that the subpoena issued upon it be quashed.

Respectfully submitted,

*/s/ Glenn E. Forbes, Esq.*
Glenn E. Forbes, Esq. (0005513)
FORBES LAW LLC
*Main Street Law Building*
166 Main Street | Painesville, OH 44077
Voice: (440) 739-6211 ext 128
Voice: (440) 739-FORB (3672) ext 128
Toll Free: (844) 6GEFLAW
Fax: (440) 357-1634
eFax: 1-850-988-7066
gforbes@geflaw.net
bankruptcy@geflaw.net

CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2021, a true and correct copy of the Objections to Notice of Deposition and Motion to Quash Subpoena was served via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

Michael L. Murphy, Attorney for Real Good Technologies, LLC  mmurphy@baileyglasser.com

James P Booker, Attorney for Real Good Technologies, LLC  jbooker@peifferwolf.com

                                      */s/ Glenn E Forbes*
                                      Glenn E. Forbes, Esq. (0005513)
                                      **FORBES LAW LLC**
                                      Attorney for JonRon, LLC